UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

COALITION FOR COLLEGE COST
SAVINGS,

    Plaintiff,

v.

GRAND RIVER SOLUTIONS, INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Civil No. 5:25-cv-00281-GFVT-MAS

**MEMORANDUM OPINION
&
ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Grand River Solutions, Inc.'s Motion to Set Aside Default [R. 13] and Motion for Extension of Time to Answer. [R. 14.]  On August 8, 2025, a Complaint was filed in this matter. [R. 1.]  On March 13, 2026, after failing to respond to the Complaint or otherwise appear, Grand River was ordered in default, and default judgment was granted. [R. 11; R. 12.]  Now, Grand River requests that this Court set aside the Clerk's entry of default, and the corresponding default judgment, and permit the litigation to proceed.  Grand River also requests, by separate motion, that the Court grant it leave to file a late answer.  For the reasons that follow, the Defendant's motion will be **GRANTED**.

**I**

Coalition for College Cost Savings filed the Complaint in this action on August 8, 2025, and summonses were issued by the Clerk's Office on the same day. [R. 1; R. 2.]  The Complaint brings claims for breach of contract and unjust enrichment against Grand River Solutions, Inc., and seeks both declaratory and monetary relief. [*Id.*]  No additional docket activity occurred until February 25, 2026, when counsel for the Plaintiff filed a Notice in the record regarding a chance

in the firm's address, as well as an affidavit of service stating that Grand River, was served on August 14, 2025. [R. 6; R. 7.]  The following day, the Court ordered the Coalition to show cause within ten days why the matter should not be dismissed for failure to prosecute pursuant to Rule 41(b). [R. 8.]  The Coalition responded to the show cause order on March 6, 2026, and advised the Court that, "[a]ny failure to prosecute this matter reflects the ongoing cooperation of the parties in trying to reach settlement," and that "[t]he need to further prosecute the claim was on hold as the parties continued to work towards a resolution."  [R. 9 at 2.]  Consequently, the Coalition requested that this court not dismiss the case for failure to prosecute.  Finding merit in the Coalition's response, the Court did not dismiss the case at that juncture.

Several days later, on March 11, 2026, the Coalition filed a verified motion for default judgment. [R. 10.]  On March 13, 2026, the Court granted the Coalition's motion, ordered the Clerk's Office to issue an entry of default against Grand River, and referred the matter to a U.S. Magistrate Judge for the purposes of conducting damages-related discovery. [R. 11.]  The Clerk entered default on the same day. [R. 12.]  On March 19, 2026, Grand River filed the instant motions, moving to set aside the entry of default and default judgment, and for leave to file a late answer. [R. 13; R. 14.]  These motions have been fully briefed and are ripe for review.

## II

### A

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).  Regardless of whether our review is premised on Rule 55(c) or 60(b), "our review invokes the well-established factors set forth in *United Coin Meter Co. v. Seaboard Coastline Railroad*, which assess 'whether (1) the default was willful, (2) a set-aside would prejudice

plaintiff, and (3) the alleged defense was meritorious." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011) (quoting *United Coin Meter*, 705 F.2d 839, 844 (6th Cir. 1983)). "Although the elements are the same, the standard for applying them to a motion to set aside a final default judgment under Rule 60(b) is more demanding than their application in the context of a motion to set aside an entry of default under Rule 55(c)." *Id.* (citing *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003)); *Wallace v. Fortune Hi-Tech Mktg.*, 2015 U.S. Dist. LEXIS 193026, at *3 (E.D. Ky. Mar. 26, 2015).

**1**

At the outset, it is critical to note that the procedural posture of this case fits into something of a narrow interstice between Rule 55(c) and Rule 60(b), requiring clarification. The primary justification for the distinction between the Rule 55(c) and Rule 60(b) standards lies with the "public policy favoring finality of judgments and termination of litigation." *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Here, the Clerk has entered default against Grand River, and the Court has granted the Coalition's motion for default judgment. The Court was unsatisfied, however, with the accompanying evidence as to damages, and referred the matter to a magistrate judge for damages-related discovery. So, while a default judgment has been rendered against Grand River, it is not yet a final, appealable judgment, and the case remains open pending the additional discovery. This, in turn raises the question: which standard should the Court apply in resolving Grand River's motion?

This issue was squarely addressed by the Sixth Circuit in *Dassault Systemes*, a case with a nearly identical procedural question to that present here. There, the Court clarified that "the stricter Rule 60(b) standard for setting aside a default judgment applies 'once [the default] has ripened into a judgment,' meaning 'once the court has determined damages and a judgment has

3

been entered.'" *Dassault Systemes*, 663 F.3d at 839 (citing *O.J. Distrib., Inc.*, 340 F.3d at 353).

Put differently, "[a]n order granting default judgment without any judgment entry on the issue of

damages is no more than an interlocutory order to which Rule 60(b) does not yet apply." *Id*. at

840.  As a result, the Court determined that "absent entry of a final default judgment, the more

lenient Rule 55(c) standard governs a motion to set aside a default or default judgment." *Id*.

(citing *FDIC v. Francisco Inv. Corp.*, 873 F.2d 474, 478 (1st Cir. 1989)).

Here, the Court has not yet issued a judgment entry on the question of damages.

Consequently, and in light of the foregoing, the court concludes that the Rule 55(c) standard

should apply in addressing Grand River's motion to set aside default.

**2**

Under Rule 55(c), specifically, a district court may "set aside an entry of default for good

cause," upon an application of the well-established *United Coin Meter* factors.  "District courts

have great discretion under Rule 55(c), but they should generally be 'extremely forgiving to the

defaulted party' in recognition of a policy which favors 'resolving cases on the merits instead of

on the basis of procedural missteps.'" *Secamiglio v. Baker*, 2024 U.S. Dist. LEXIS 33238, at *8

(E.D. Ky. Feb. 27, 2024) (quoting *U.S. Currency*, 595 F.3d at 322).

As to the first factor, it "is not necessary that conduct be excusable to qualify for

relief…" *Seye v. Cmty. Yellow Cab NK Mgmt., L.L.C.*, 2011 U.S. Dist. LEXIS 94477, at *4 (E.D.

Ky. Aug. 2, 2011) (quoting *Shepard Claims Service, Inc. v. William Darrah & Assocs.*, 796 F.2d

190, 194 (6th Cir. 1986)).  Courts addressing this element in the Rule 55(c) context have framed

the inquiry as a determination of whether the defendant's "culpable conduct" led to the default.

See *United States v. $22,050.00 in U.S. Currency*, 595 F.3d 318 (6th Cir. 2010) (quoting

*Waifersong*, 976 F.2d at 292).  For a party's conduct to be considered culpable under this

analysis, "the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Service,* 796 F.2d at 194.  A "mere negligence or failure to act reasonably," will not rise to the level of "culpable conduct." *Trs. of Plumbers & Steamfitters Local 184 Supplemental Pension Plan v. Above All Serv., LLC*, 2022 U.S. Dist. LEXIS 5114, at *4 (W.D. Ky. Jan. 11, 2022) (quoting *U.S. Currency*, at 327).  Other district courts in this circuit have also considered "whether the failure to follow a rule of procedure was a mistake made in good faith [or] whether the entry of default would bring about a harsh or unfair result." *Alticor, Inc. v. Starx Int'l Corp.*, 2026 U.S. Dist. LEXIS 95826 at *2 (W.D. Mich. Jan. 26, 2026) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).

In addressing this first factor, Grand River explains that its "inaction in failing to file an Answer did not demonstrate any obvious intent to thwart the judicial process, as settlement discussions were ongoing and Defendant believed they were being conducted in lieu of further pursuing litigation." [R. 13 at 4-5.]  The Coalition contends, however, that "Defendant's failure to respond to the Complaint … was completely within its own control." [R. 16 at 3.]  In the Coalition's view, therefore, because Grand River was served the complaint and was fully aware of this litigation, its failure to respond was solely the result of Grand River's own culpable conduct. [*Id.*]

A closer examination of the background facts leads this Court to conclude that Grand River's failure to respond does not demonstrate an "intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct," not does it demonstrate "culpable conduct" on the part of Grand River.  As Grand River aptly points out, the existence of ongoing negotiations between the parties in view of settlement was the key justification in the Coalition's response to

5

the Court's show cause order. [R. 13 at 2-3, 5.]  It seems irreconcilable to permit the Plaintiff to avoid dismissal under Rule 41(b) for failure to prosecute without simultaneously excusing the Defendant's failure to answer on this same basis.

The absence of culpable conduct on the part of Grand River is further evidenced by the uncontroverted facts leading specifically to the filing of the motion for default.  Following the filing of the Complaint, the parties continued to communicate directly, even though Grand River had not yet filed a response. [R. 9 at 2; R. 13 at 2.]  Both parties claim that Grand River provided information requested by the Coalition in October 2025 and provided further information on January 21, 2026. [*Id.*]  Additionally, upon receipt of this last batch of information, Plaintiff's counsel informed the Defendant he had received the requested information, was able to present the information to the Coalition's board in advance of its upcoming meeting and would follow up later with an update. [R. 13 at 3; R. 13-1 at 5; R. 9 at 2.]  Again, this exchange of information was intended, by the Defendant at least, to facilitate ongoing settlement negotiations with the goal of avoiding costly litigation.  Yet, rather than following up, the Coalition instead filed a motion for default judgment.  The evidence also suggests that, at the time of these communications between the parties, Grand River was not represented by counsel. [*See* R. 13-1.] And, while the Court acknowledges that being unrepresented certainly does not open the door for a party to cast aside the rules of civil procedure, it must also acknowledge the sense of imbalance permeating from these facts.  Taken together, these circumstances point to the conclusion that Grand River's failure to respond was not the result of its own culpable conduct.

Turning next to the second factor, the Sixth Circuit has explained that "[a] defense is meritorious if there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.  If a defense is good at law, regardless of the

6

likelihood of success, it will be considered meritorious." *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006). In support of its argument on this point, Defendant submitted a succinct affidavit pointing to several "points of contention between the parties' interpretation of the contract's terms and duties imposed thereby," which will form the basis of its defense to the Coalition's breach of contract claims. [R. 13 at 6; R. 13-1.] The Coalition does not suggest that Grand River lacks a meritorious defense. Again, the bar here is comparably low, and does not require the Defendant to reveal the full scope of its future argument. Based on the evidence presented by Grand River, the Court finds that it has a meritorious defense to the Coalition's complaint. Consequently, this factor weighs in favor of setting aside default.

With respect to the third, and final, factor, "mere delay in a plaintiff's recovery is not a sufficient basis for establishing prejudice." *Thurman v. City of Frankfort*, 2021 U.S. Dist. LEXIS 274939, at *3 (E.D. Ky. Aug. 2, 2021) (citing *Berthelsen*, 907 F.2d at 621). Rather, "[t]o establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen*, 907 F.2d at 621 (citing *INVST Financial Grp., Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)). The Plaintiff raises no argument to suggest that it will be prejudiced by setting aside default, other than by having to litigate this complaint. The information before the Court does not suggest that any increased difficulties in discovery will result, nor any additional opportunities for fraud or collusion will arise. This is further evidenced by the fact that Grand River moved to set aside the default and default judgment less than a week after it was entered. The Court, therefore, finds that any prejudice to the Plaintiff from setting aside default is, at most, minimal. Accordingly, this factor also weighs in favor of setting aside default.

In light of the foregoing, the Court is satisfied that Grand River has presented good cause

to set aside the entry of default.  In sum, Grand River's failure to respond to the Coalition's complaint was not the biproduct of its own culpable conduct, Grand River can present a meritorious defense, and the Coalition will not be prejudiced by setting aside default. Consequently, Grand River's motion will be granted.

**B**

Consequently, because the Court will grant Grand River's motion to set aside default, it need not address its motion for leave to file a late answer on the merits.  Put simply, the setting aside of default effectively presupposes that the defendant who had yet to appear will be permitted an opportunity to respond to the complaint.  Otherwise, the order setting aside default would be rendered meaningless.  This approach is in accord with other district courts facing the same circumstance. *Graham v. Todd Cnty.*, 2023 U.S. Dist. LEXIS 200625, at *9 (W.D. Ky. Nov. 6, 2023) ("Even if styled as a motion for leave to file a late answer, the motion would be construed as a motion to set aside entry of default"); *Wilson v. United States Air Force*, 2010 U.S. Dist. LEXIS 150129, at *4 (E.D. Ky. Oct. 22, 2010) ("Motions for leave to file late answers are analogous to motions to set aside entry of a default pursuant to Fed. R. Civ. P. 55(c)"). Consequently, Grand River's motion for leave to file a late answer is duplicative and will accordingly be denied as moot.

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Grand River Solutions' Motion to Set Aside Default **[R. 13]** is **GRANTED**;

2. Defendant Grand River Solutions' Motion for Leave to File a Late Answer **[R. 14]** is **DENIED AS MOOT**;

8

3.  The Clerk's Entry of Default as to Defendant Grand River Solutions **[R. 12]** is **SET ASIDE**;

4.  The Court's prior Order, granting default judgment in favor of Plaintiff **[R. 11]** is **SET ASIDE**;

5.  The Clerk's Office is **DIRECTED** to enter the filing tendered by the Defendant at **[R. 14-1]** as the Defendant's Answer to the Complaint.

This 18th day of May 2026.

Gregory F. Van Tatenhove
United States District Judge